# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WELLINGTON HEAD, on his own behalf
and other similarly situated,

    Plaintiff,

-vs-                                                        Case No. 6:08-cv-917-Orl-22KRS

V&L SERVICES III, INC., JAMES VAN
HART, ALONZO LINGO,

    Defendants.

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration *sua sponte*. Pursuant to the Court's Scheduling Order, Doc. No. 15, Plaintiff Wellington Head was required to file answers to the Court's Interrogatories by February 3, 2009, and opt-in plaintiffs were required to file their answers no later than fifteen days after filing their notices to opt-in as plaintiffs. Doc. No. 15 ¶¶ 1, 3. Plaintiff Head moved for an enlargement of time to file his answers by February 10, 2009, I granted the motion, and Head filed his answers accordingly. Doc. Nos. 17, 18, 19.

On June 9, 2008, the following opt-in plaintiffs filed notices of consent to join the action: Samuel Levy, Edward Britt, Zaira Betancourt, Philip Fowler, Gregory Johnson, Ricky Cross, Elijah Bouie, and Michael Henderson. Doc. Nos. 3, 4. Bouie, Henderson, and Cross filed their answers to the Court's Interrogatories on February 10 and 16, 2009. Doc. Nos. 21, 22, 24. The remaining opt-in plaintiffs, Levy, Britt, Betancourt, Fowler, and Johnson, failed to file their answers.

On March 19, 2009, I entered an Order to Show Cause ordering Levy, Britt, Betancourt, Fowler, and Johnson to file their answers to the Court's Interrogatories on or before April 6, 2009, and to show cause in writing why sanctions should not be entered for failure to comply with the Scheduling Order. Doc. No. 25. I cautioned Plaintiffs that failure to file the answers within the time prescribed by the order may result in sanctions, including dismissal of the claims of any opt-in plaintiffs who have not maintained contact with their counsel, pursuant to Fed. R. Civ. P. 16(f). *Id.* at 2.

On March 23, 2009, Britt and Fowler filed their answers to the Court's Interrogatories. Doc. Nos. 26-3, 26-4. On April 6, 2009, the parties filed a response to the Order to Show Cause asserting that failure to comply with the Scheduling Order was "inadvertent," that they were diligently engaged in settlement conferences, and would "adhere to all further deadlines." Doc. No. 29. However, Levy, Betancourt, and Johnson did not file their interrogatory answers.

On April 13, 2009, I entered an order instructing Levy, Betancourt, and Johnson to file their answers to the Court's Interrogatories on or before May 1, 2009, and again cautioned that failure to comply may result in sanctions, including dismissal of claims. Doc. No. 37. On April 30, 2009, Betancourt filed her interrogatory answers. Doc. No. 38-2. However, as of the writing of this Report and Recommendation, despite my orders of March 19 and April 13, Levy and Johnson have not filed answers to the Court's Interrogatories, and Plaintiffs' counsel has offered no explanation for failure to comply with the Court's Scheduling Order or my March 19 and April 13 orders.

M.D. Fla. Local Rule 3.10(a) provides that when it appears that any case is not being diligently prosecuted, the Court may enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution. In

addition, Fed. R. Civ. P. 16(f) and 37(b)(2)(A) provide the Court with authority to dismiss an action in whole or in part for failure to obey scheduling or other pretrial orders.

Plaintiff's counsel has failed to diligently prosecute this case on behalf of opt-in plaintiffs Samuel Levy and Gregory Johnson, has repeatedly failed to comply with this Court's Orders, and has failed to show cause for such failure.

Based upon the foregoing, I respectfully recommend that the Court **DISMISS** opt-in plaintiffs Samuel Levy and Gregory Johnson from this action for failure to prosecute and comply with Court orders.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy